Hedrick v. Eno.

REVERSED.

---

HEDRICK ET AL. V. ENO.

1. **New Trial:** NEWLY DISCOVERED EVIDENCE. Where, after the report of the referee, a motion for a new trial was accompanied by affidavits making a showing of newly discovered evidence, which was not cumulative in character, and also by the affidavit of the party moving therefor that the existence of the evidence was unknown to him until after the trial and report of the referee, the motion was *held* to have been improperly overruled.

2. **Public Lands:** SURVEY: PRESUMPTION. The presumption obtains that the original survey of lands was made in obedience to the official instructions given the surveyor.

3. ———: ———: ———. In case, however, the instructions were not followed by the surveyor in the location of corners of sections, the recognition of the survey by the government and the sale of the lands in accordance therewith will constitute a waiver of the irregularity.

*Appeal from Clayton District Court.*

WEDNESDAY, MARCH 22.

ACTION to recover lands. The cause was sent to a referee, who, with the evidence, reported findings of fact and law in favor of plaintiff. Before final judgment the defendant filed his petition, supported by affidavits, praying for a new trial

on the ground of newly discovered evidence. The motion was overruled, and judgment rendered upon the report of the referee. Defendant appeals.

*Hatch & Frese* and *T. Updegraff*, for appellant.

*J. O. Crosby* and *R. C. Price*, for appellees.

BECK, J.—I. The parties are owners in severalty of adjacent tracts of land in Sec. 7, Tp. 94 N., R. 5 W., in Clayton county. The controversy in this suit is based upon their conflicting claims as to the division line between their lands. The plaintiffs, who own the south tract of land, maintain that the division line is 2.20 chains north of the line claimed by defendant. In support of their claim, plaintiffs introduced the plat of the land as found upon the records of the county, which, it is claimed, shows that the section corners of Tp. 94–5, upon the township line, are not the same as the section corners of the township adjoining on the west—94–6—on the same township line, but are north of the last named—that of Sec. 7 (the N. W. corner) being 2.20 chains north of the N. E. corner of Sec. 12, Tp. 94 N., R. 6 W. A surveyor testified that the plat found among the county records shows these facts, and that, taking the corners as established thereby, the land in controversy is a part of the land owned by plaintiffs. Defendant introduced a surveyor who testified that, in his opinion, the county plat in evidence does not show the fact claimed to be established by it, and that certain figures and lines found thereon, which the other party claims establishes the corners, ought not to be so understood, but he was unable to explain the meaning of the figures. His survey, taking the corners of the respective townships upon the township line to be at the same point, fixed the line of defendant's land so as to include in his tract the property in dispute. There was thus a conflict of evidence in the case wholly arising upon the question whether the sections of the two townships bounded by the township line have common corners thereon. The referee in this conflict found for plaintiffs.

Before judgment, defendant asked for a new trial on the

Hedrick v. Eno.

ground of newly discovered evidence. He filed proper affida-

1. NEW TRIAL: newly discovered evidence.

vits showing that the original plat and field notes found in the land office did not contain the figures and lines upon which plaintiffs claim that the corners of the sections on the township line are not the same—that, in fact, these original records show such corners to agree. Sworn copies of these records accompanied the affidavits. The affidavit of the surveyor who run the lines and established the corners in controversy, was also presented. He states that upon the township line in question there were no double corners established, but that the corners of the adjacent sections were common. The defendant shows that he had no knowledge of the facts stated in his petition for the new trial, and affidavits filed therewith, until after the trial and report of the referee.

II. That the evidence newly discovered is material and primary, and not in its nature cumulative, we think, cannot be doubted. It tends to overthrow the secondary evidence—the county records of the survey of the land, upon which plaintiffs' claim to the land is based.

III. Defendant is not chargeable with negligence in failing to make the discovery of the evidence before the trial. He was authorized to rely upon the copies of the surveys found in the county offices as correct, and upon the evidence introduced by him to establish that they did not show double corners upon the township line, and to trust the decision of his case thereon.

IV. The court below seems to have attached importance to the fact that defendant did not produce the instructions under

2. PUBLIC land: survey: presumption.

which the original survey was made. But it was shown that they were not to be found in the records of the General Land Office of the United States, and that those which had been given to the surveyor were by him loaned to a party who carried them to Oregon, and, though he had been requested recently to return them to be used upon the motion for a new trial, they had not been received.

We are unable to understand the importance attached by the court to the production of these instructions, or that, if

produced, they would have overthrown the case made by the official survey, in case they contained anything in conflict with it. It must be presumed that the original survey was made in obedience to the official instructions given the surveyor, for all officers, in the absence of a showing to the contrary, are presumed to have discharged their duty correctly and lawfully. The court was authorized to presume the survey was in accord with the official instructions given the surveyor. The burden rested upon the party attacking the survey to show the contrary.

But in case the instructions were not followed as to location of corners and the like, we hardly think it could be held that 3. ——: ——; the survey should be set aside for that reason, ——. after having been adopted by the department, plats made therefrom which were recognized by the government as correct and true, and the lands sold in subdivisions as indicated thereby.

In our opinion the petition for a new trial ought to have been sustained. The judgment of the District Court is reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.